**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTOLIN TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 13 C 3561 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Antolin Torres' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Torres' Section 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**BACKGROUND**

Pursuant to a plea agreement, on or about October 7, 2008, Torres pleaded guilty in the Eastern District of Texas to conspiracy to possess with intent to distribute at least five kilograms, but less than 15 kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846 in case number 4:08 CR126-2 (the "Texas Prosecution"). Thereafter, on August 4, 2009, the Texas federal district court sentenced Torres to 121 months in prison. (08 CR 947-3, R. 130, 8/04/09 Judgment.)

Meanwhile, on August 12, 2010, a federal grand jury in the United States District Court for the Northern District of Illinois returned a second superseding indictment charging Torres with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute

five kilograms or more of mixtures containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 in Count I, and with knowingly and intentionally using a communication facility, namely, a cellular telephone, in committing the commission of a felony narcotics violation under 21 U.S.C. § 843(b) in Counts 12, 15, 23, and 26, case number 08 CR 947-3 (the "Chicago Prosecution"). On August 26, 2010, Torres pleaded guilty pursuant to a written plea agreement to the four counts of using a cellular telephone to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b).

As part of his Chicago Prosecution plea agreement, Torres admitted that beginning in January 2008 he began assisting Enrique Sanchez and the narcotics distribution organization Sanchez DTO by coordinating the purchase of kilograms of cocaine from a supplier in Dallas, Texas. (08 CR 947-3; R. 146, Plea Agmt., at 3-4.) On January 19, 2008, for example, Torres traveled to Dallas via bus to pick up approximately ten kilograms of cocaine for Sanchez. (*Id*. at 4.) After Torres picked up the ten kilograms of cocaine from his supplier in Dallas, he delivered them to Sanchez in Chicago. (*Id*.) At other times, Torres acted as a broker and negotiated prices for Sanchez and Sanchez DTO. (*Id*.) Moreover, Torres admitted to knowingly and intentionally using a cellular telephone on multiple occasions in committing, causing, and facilitating the commission of a conspiracy with intent to distribute a controlled substance. (*Id*. at 4-5.)

Torres' written plea agreement in the Chicago Prosecution specified that he was responsible for at least 13 kilograms of cocaine as part of the charged conduct. (*Id*. at 7.) Torres also acknowledged in his plea agreement that in addition to the transactions identified as part of the charged conduct, he was responsible for at least six additional kilograms of cocaine on behalf of the Sanchez DTO. (*Id*.) Therefore, Torres admitted to being responsible for a total of at least

19 kilograms of cocaine between July 2007 and August 2008. (*Id*.) Further, Torres' written plea agreement stated that "[b]ecause defendant's term of imprisonment for the conviction in the Eastern District of Texas (Case Number 4:08CR126) . . . is relevant conduct to the instant offense of conviction and was the basis for an increase in the offense level for the instant offense, the sentence for the instant offense should be imposed to run concurrently to the remainder of undischarged term of imprisonment pursuant to Guideline § 5G1.3(b)." (*Id*. at 11.)

Torres' plea agreement in this matter also contained the following language: "The government will recommend that the Court impose a sentence within the applicable guidelines range, and shall recommend that the sentence be imposed to run concurrently to the prior undischarged term of imprisonment imposed for defendant's August 5, 2009 conviction in the Eastern District of Texas (Case Number 4:08CR126). . . . Defendant is free to recommend any sentence he deems appropriate." (*Id*.) On or about March 1, 2011 – after Torres entered his guilty plea in the Chicago Prosecution, but before the Court sentenced him – the Texas district court reduced Torres' sentence pursuant to Federal Rule of Criminal Procedure 35(b). More specifically, the Texas district court reduced Torres' sentence by approximately 50 percent because Torres testified for the government in another defendant's criminal trial. Accordingly, Torres' final sentence in the Texas Prosecution was a total of 60 months in prison instead of 121 months. (R. 5, 2255 Resp., Ex. B, Am. J.)

In the context of the Chicago Prosecution, on May 14, 2012, the Court sentenced Torres to a total term of 80 months in prison as follows – 48 months on Counts 12 and 15, concurrent to each other; 32 months on Count 23, consecutive to Counts 12 and 15; and 32 months on Count 26, concurrent to Counts 12, 15, and 23. (08 CR 947-3; R. 357, 5/14/12 Judgment.) In imposing

this sentence, the Court also specifically ordered that Torres' "sentence of 80 months is concurrent to the sentence imposed for the defendant's 8/5/2009 conviction in the U.S. District Court in the Eastern District of Texas, Docket No. 08 CR 126-2, including any undischarged term of imprisonment in 08 CR 126-2." (*Id.*) The Court entered its judgment and commitment order on May 16, 2012.

Meanwhile, in his plea agreement, Torres waived his right to appeal his conviction and acknowledged his right to only appeal the validity of his plea and the sentence imposed. (R. 146, Plea Agmt., at 18.) Torres, however, did not appeal the validity of his plea or his sentence to the United States Court of Appeals for the Seventh Circuit. On the other hand, Torres filed the present timely Section 2255 motion on May 13, 2013.

## LEGAL STANDARD

"[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Under Section 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley*, 523 U.S. at 621 (relief under 2255 "will not be allowed to do service for an appeal"); *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007) (Section

2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted).

If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Turner v. United States,* 693 F.3d 756, 758 (7th Cir. 2012), or that enforcing the procedural default would lead to a "fundamental miscarriage of justice." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012). Because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

## ANALYSIS

### I. Merits Determination

Construing Torres' pro se Section 2255 motion liberally, *see Ray v. Clements,* 700 F.3d 993, 1003 (7th Cir. 2012), he argues that his trial counsel's errors denied him his Sixth Amendment right to effective assistance of counsel during the plea process and at sentencing. More specifically, Torres maintains that trial counsel's failure to make the following arguments amounted to ineffective assistance of counsel: (1) his conviction for four counts of using a cellular phone to facilitate a drug trafficking offense violated the Fifth Amendment's Double Jeopardy Clause because his conduct in the Chicago Prosecution should have been treated as the same offense as his conduct in the Texas Prosecution; and (2) that Torres' Chicago Prosecution

sentence should run concurrently with his Texas Prosecution sentence.[1]

To establish constitutionally ineffective assistance of trial counsel, Torres must show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Yu Tian Li v. United States,* 648 F.3d 524, 527-28 (7th Cir. 2011). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 693). In the context of a guilty plea, the United States Supreme Court has articulated that "a defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received was constitutionally ineffective." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quotations omitted). In this context, under the prejudice prong of the *Strickland* standard, Torres must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Warren v.*

---

[1] Torres' Section 2255 claims are not procedurally defaulted as the government argues because Torres framed his Fifth Amendment and sentencing claims in the context of his counsel's ineffective assistance of counsel. *See United States v. Berg,* 714 F.3d 490, 499 (7th Cir. 2013) (courts "leave ineffective assistance of counsel claims for collateral review").

*Baenen,* 712 F.3d 1090, 1101 (7th Cir. 2013).

### A. Double Jeopardy Argument

The Court first turns to Torres' argument that his counsel was constitutionally ineffective for failing to argue that his Chicago conviction violated the Fifth Amendment's Double Jeopardy Clause because his conduct in the Chicago Prosecution should have been treated as the same offense as in his Texas Prosecution. "The Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." *United States v. Dinitz,* 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *see also United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) ("This protection applies both to successive punishments and to successive prosecutions for the same criminal offense."). "The test used to determine whether the same act or conduct constitutes one offense or two is the *Blockburger* test: 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *United States v. Faulds,* 612 F.3d 566, 569 (7th Cir. 2010) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)); *see also United States v. Halliday,* 672 F.3d 462, 470 (7th Cir. 2012). In other words, "to determine whether two indictments charge the same offense, we consider whether each offense contains an element not contained in the other." *United States v. Doyle,* 121 F.3d 1078, 1089 (7th Cir. 1997); *see also United States v. Schiro,* 679 F.3d 521, 525 (7th Cir. 2012) ("there would be only one offense for purposes of assessing double jeopardy if the second prosecution was for a lesser included offense of the crime for which the defendant had been prosecuted the first

time."). Torres' Texas conviction was for a drug trafficking conspiracy in violation of 21 U.S.C. §§ 841 and 846 and his Chicago conviction was for four counts of knowingly and intentionally using a communication facility in committing the commission of a felony narcotics violation under 21 U.S.C. § 843(b). The offense of knowingly and intentionally using a communication facility in committing a felony narcotics violation does not require membership in a drug trafficking conspiracy. *See United States v. Ward,* 696 F.2d 1315, 1319-20 (11th Cir. 1983) ("Since the elements necessary for a conviction under § 843(b) did not entail membership in the conspiracy, but merely facilitation of it, successive prosecutions under the two provisions did not contravene the fifth amendment protection."); *cf. United States v. Jones*, 600 F.3d 847, 855 (7th Cir. 2010) ("21 U.S.C. § 843(b) contains an element that 21 U.S.C. § 846 does not — use of a communication facility."). Meanwhile, the offense of conspiracy under Section 846 does not require a defendant to use a communications facility. *Cf. Jones*, 600 F.3d at 855-56 ("It is possible to participate in a drug conspiracy without ever touching a communication facility.").

In summary, because the two charged offenses are separate offenses under the *Blockburger* test, any such Double Jeopardy claim would have been without merit. As such, trial counsel's performance was not deficient under *Strickland* because "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren,* 712 F.3d at 1104; *see also Northern v. Boatwright,* 594 F.3d 555, 561 (7th Cir. 2010) ("Obviously, an attorney is not constitutionality deficient for failing to lodge a meritless objection."). Thus, Torres' first ineffective assistance of trial counsel claim fails.

B.   **Concurrent Sentencing Argument**

Next, Torres argues that his trial counsel provided ineffective assistance of counsel at sentencing because counsel failed to argue that Torres' sentence in the Chicago Prosecution should run concurrently with his Texas sentence. Torres' argument is factually baseless because his counsel did argue in favor of a concurrent sentence in his sentencing memorandum and at the time of sentencing. (R. 08 CR 947-3, R. 351, Sent. Mem., at 3-4.) Moreover, his counsel negotiated a plea agreement with the government in which the government agreed to recommend a concurrent sentence at the time of sentencing. Based on trial counsel's arguments, the plea agreement, and the government's recommendation, the Court gave Torres full credit for his sentence in the Texas Prosecution. Meanwhile, Torres' arguments based on the fact that the Texas district court reduced his sentence are unavailing because the Court was aware of this reduction at the time of Torres' Chicago sentencing on May 14, 2012 and factored it into his sentence.

Based on the above, counsel cannot be constitutionally ineffective because his representation was well within the wide range of reasonable professional assistance. *See Strickland,* 466 U.S. at 690; *Harris v. Thompson*, 698 F.3d 609, 640 (7th Cir. 2012). In sum, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S. at 690. Here, Torres received the relief he sought. Accordingly, Torres' second ineffective assistance of counsel argument fails.[2]

---

[2] Torres' arguments made for the first time in his reply brief are waived. *See Bracey v. Grondin,* 712 F.3d 1012, 1020 (7th Cir. 2013).

**II.     Evidentiary Hearing**

Furthermore, the Court need not hold an evidentiary hearing under the circumstances because the motion, files, and records of this case conclusively establish that Torres is not entitled to any relief under Section 2255.  *See Yu Tian Li,* 648 F.3d at 532; *Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

**III.    Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Therefore, the Court must determine whether to grant Torres a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order.  *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his Section 2255 motion, instead, he must first request a certificate of appealability.  *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right.  *See id.* at 336; *Narvaez v. United States,* 641 F.3d 877, 881 (7th Cir. 2011); 28 U.S.C. § 2253(c)(2).  Under this standard, Torres must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Here, Torres has not established that jurists of reason would debate that his Section 2255 motion should have been resolved differently in light of the fact that his first ineffective assistance of counsel argument has no merit. *See Warren,* 712 F.3d at 1104 ("Counsel is not ineffective for failing to raise meritless claims."). Furthermore, Torres has not shown that jurists of reason would debate the Court's conclusion that his second ineffective assistance argument is factually baseless. Accordingly, the Court declines to certify any issues for appeal.

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** July 15, 2013

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**